IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOEL MORALES,<br>      Plaintiff, | :<br>:<br>:<br>:  Civil Action<br>:  No. 07-cv-00314 |
| v. | : |
| CITY OF PHILADELPHIA, ET AL.,<br>      Defendants | :<br>:<br>: |

## REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on April 5, 2007 and submit the following report of their meeting for the Court's consideration:

**1.** **Discussion of Claims, Defenses and Relevant Issues**

Plaintiff alleges that Defendants Police Officers David Chisholm and James Finnegan used excessive force when they arrested him on December 15, 2004. Plaintiff further alleges that even though he complied with the officers' orders, the officers threw him onto the hood of his car and handcuffed him. Plaintiff also asserts claims of false arrest and malicious prosecution against Defendants, alleging that they stopped his car for no reason and then fabricated the charges against him.[1]

Defendants assert that they car-stopped Plaintiff because he drove through a red traffic signal directly in front of their squad car, narrowly missing hitting the squad car in the process. When Defendants approached Plaintiff they smelled alcohol coming from his person and noticed that his walk was unsteady. Defendants asked Plaintiff for his driver's license and registration. Plaintiff responded with the non sequitur that he "didn't have a gun" and then pushed Defendant Finnegan in the chest. Defendants then tried to arrest Plaintiff, and a struggle ensued. During the struggle, Plaintiff punched Defendant Chisholm in the chest area. Eventually, Defendants were able to subdue Plaintiff and arrest him. Defendants radioed for assistance and other officers arrived and transported Plaintiff to the hospital for injuries he sustained in the struggle.

---

[1] Plaintiff's complaint also asserts a claim against the City of Philadelphia based on these allegations, but Plaintiff is withdrawing this claim. Counsel for the parties will present the Court with a stipulation that the claim against the City be dismissed.

In connection with this incident, Plaintiff was charged with DUI, harassment, resisting arrest, Recklessly Endangering Another Person (REAP), simple assault, and aggravated assault. The charges were dismissed by a Philadelphia County Court of Common Pleas judge when Defendant Chisholm failed to appear in the courtroom for the trial.

Defendants anticipate filing a motion for summary judgment at the close of discovery.

**2.      Informal Disclosures**

The parties have exchanged initial informal disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Witnesses have been identified and documents have been exchanged.

**3.      Formal Discovery**

The parties request 90 days from the date of the Rule 16 Conference to complete discovery. All parties anticipate conducting depositions. In addition, formal discovery for additional documentation may be required.

**4.      Electronic Discovery**

The parties do not anticipate conducting any electronic discovery.

**5.      Expert Witness Disclosures**

The parties do not anticipate using the testimony of any expert witnesses at this time.

**6.      Early Settlement or Resolution**

The parties have discussed the possibility of early resolution under Local Rule 53.3 and are not inclined to settle the case at this point. The parties expect that a settlement conference near the close of discovery would be most helpful.

**7.      Trial date**

The parties request a date certain for trial.

**8.      Other Matters**

No matters aside from those discussed above require discussion at this time.

3

        s/ Jennifer J. Tobin
        Jennifer J. Tobin, Assistant City Solicitor
        Counsel for Defendants


        s/ Andrew F. Erba
        Andrew F. Erba, Esq.
        Williams Cuker Berezofsky
        Counsel for Plaintiff

DATE:   April 24, 2007